**Jacob H. Hall, Appellee, v. Annie Harris, Appellant.**

## Gen. No. 31,078.

1. MECHANICS' LIENS—*right of recovery by contractor pending settlement of outstanding claims of liens in favor of subcontractors.* A contractor is not entitled to judgment against the owner for the full unpaid balance on their building contract, where subcontractors have served notice upon the owner of their claims to liens for work done upon the building and the action was brought before the expiration of the statutory period allowed to such subcontractors to perfect their liens, without proof that such subcontractors have been paid in full or have waived their right to liens.

2. MECHANICS' LIENS—*right of action by contractor failing to give notice of names of subcontractors furnishing labor and ma-*

*terial.* The fact that a contractor has failed to furnish to the owner a verified statement showing the names of subcontractors furnishing labor and material for the improvement, as required by Cahill's St. ch. 82, ¶ 5, does not preclude the contractor from maintaining an action to recover a balance due under such contract.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed November 17, 1926.

WILLIAM SCHULZE, for appellant.

CHARLES R. CASLER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover a balance of the contract price for constructing a garage. The amount he claimed was $176. The jury returned a verdict in plaintiff's favor for $156, judgment was entered on the verdict and the defendant appeals.

Plaintiff's evidence tends to show that he entered into an oral agreement with the defendant to construct a garage for her for $195; that he proceeded to construct the garage and was required to do extra work amounting to $55, making a total of $250, and that he had been paid $74 on account, leaving a balance due him of $176. There was a dispute between the parties as to whether the work had been properly done and whether plaintiff was to be paid for the extra work in addition to the contract price. The evidence further shows that plaintiff did not give the defendant a sworn statement giving the names of the parties furnishing labor and material as required by section 5 of the Mechanics' Liens Act [Cahill's St. ch. 82, ¶ 5]. The evidence also shows that defendant had been served with two notices for liens by parties who

had performed labor in the construction of the garage. One claimed a balance of $55.50 and the other $103.50, making a total of $159, and the plaintiff testified that he owed these two sums to the persons who served the notices.

At the close of the case the court instructed the jury that the evidence concerning these two claims should be disregarded. This was clearly erroneous, because under the Mechanics' Liens Act the defendant would be required to pay the two claimants out of the contract price. The court apparently held the Mechanics' Liens Act inapplicable. Section 5 [Cahill's St. ch. 82, ¶ 5] of that act provides that it shall be the duty of the contractor to give the owner a verified statement in writing of the names of all parties furnishing material and labor and the amounts due or to become due to each. By section 21 [Cahill's St. ch. 82, ¶ 21] it is provided that every workman who furnishes labor for the contractor shall be known as a subcontractor and shall have a lien for the value of the labor performed under certain conditions specified in the act. Section 24 [Cahill's St. ch. 82, ¶ 24] provides that subcontractors who furnish labor may cause a written notice of their claims to be served upon the owner or his representatives of the amount due or to become due on account of labor performed. And by section 26 [Cahill's St. ch. 82, ¶ 26] wages for labor are preferred. Section 27 [Cahill's St. ch. 82, ¶ 27] of the act provides that when the owner or his agent is notified of a claim by a subcontractor, the owner shall retain from the money due the contractor an amount sufficient to pay the claims of the subcontractor or workmen of whose claim he is notified ''and, shall pay over the sum to the parties entitled thereto.'' And this section further provides that all such payments made to subcontractors or workmen ''shall, as between such owner and contractor, be considered the same as if paid to such contractor. Any payments

made by the owner to the contractor after such notice without retaining sufficient money to pay such claims, shall be considered illegal and made in violation of the rights of the laborers and subcontractors, and the rights of such laborers and subcontractors to a lien shall not be affected thereby.'' It further provides that the balance, if any, shall be paid to the contractor. And by section 32 [Cahill's St. ch. 82, ¶ 32] it is provided that no payments made by the owner to the contractor shall be regarded as rightfully made as against any subcontractor or laborer, unless subcontractors and laborers, of whose claims the owners have been properly notified, have been paid.

In the instant case plaintiff was not entitled to a judgment for the full amount because if this were true and he failed to pay the two persons who served notice for lien, they could, by complying with the statute, make the owner pay again. *Brennan v. William P. McEvoy & Co.*, 196 Ill. App. 336.

In the instant case, the evidence shows that the defendant owner was served with notices by the two subcontractors on July 17, 1925, claiming that balances aggregating $159 became due them from the plaintiff contractor on July 7, 1925. Under the provisions of section 27 [Cahill's St. ch. 82, ¶ 27] of the Mechanics' Liens Act, it then became the duty of the defendant owner to withhold, from any payments made the contractor, an amount sufficient to meet these balances due the subcontractors, or run the risk of being obliged to pay them such balances, if she nevertheless paid the plaintiff contractor in full. But, under the provisions of section 33 [Cahill's St. ch. 82, ¶ 33] of the act, the subcontractors would be obliged to begin suit against the owner within four months after July 7, 1925, in order to perfect their lien. Without such action on their part, their notices would be of no avail. Nor, without such action could the subcontractors sue the owner at law and recover, inasmuch as section 28

[Cahill's St. ch. 82, ¶ 28] of the act provides that before such a claim can be reduced to a judgment at law, the claimant must show he is entitled to his lien as provided for in the act. At the time this case was heard in the trial court (October 27, 1925) the four months, within which the subcontractors who had served their notices on the defendant on July 17, 1925, could have perfected their liens in the manner provided by the act, had not expired. In our opinion the plaintiff contractor would not be entitled to a judgment against the owner within that four months' period, unless he exhibited either waivers of lien or receipts in full, executed by the subcontractors. This he did not do. On the contrary he still owed the balances claimed by the subcontractors.

The contention that the judgment is wrong for the reason that plaintiff failed to give the defendant a verified statement showing the names of the subcontractors as required by section 5 [Cahill's St. ch. 82, ¶ 5] of the act, is untenable. The defendant in support of this contention cites the case of *Gilmore v. Courtney,* 158 Ill. 432. In that case the court held that the suit could not be maintained without the contractor giving the statement required by section 35 of the Act of 1887. That section provided *inter alia:* "Until the statement provided for in this section is made in manner and form as herein provided, the contractor shall have no right of action or lien against the owner." Section 5 of the present act contains no such provision.

The judgment of the municipal court of Chicago is reversed, and the cause remanded.

*Reversed and Remanded.*

TAYLOR, P. J., and THOMSON, J., concur.