DAVID MALESA, Plaintiff-Appellant, v. ROYAL HARBOUR MANAGE-
MENT CORPORATION, Defendant-Appellee.

Second District No. 2—88—1150

Opinion filed August 25, 1989.—Rehearing denied September 26, 1989.

Kenneth Franson, of Bartlett, for appellant.

John W. Demling, of Demling & Eckhardt, of Glen Ellyn, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, David Malesa, filed an action against defendant, Royal Harbour Management Corporation, for an alleged breach of a construction contract. The circuit court of Du Page County granted summary judgment to defendant on the basis of plaintiff's failure to provide a sworn contractor's statement pursuant to section 5 of the Mechanics' Liens Act (Act) (Ill. Rev. Stat. 1987, ch. 82, par. 5). On appeal, plaintiff contends that the trial court erred in granting summary judgment because: (1) defendant failed to establish that plaintiff was a contractor as that term is defined in the Act; (2) defendant did not present any evidence that it requested a contractor's statement; and (3) plaintiff's mechanic's lien claim contains information sufficient to comply with the requirement. We affirm.

Plaintiff's second amended complaint alleged in relevant part as follows. On June 2, 1986, plaintiff and defendant entered into an agreement relating to a construction project on a parcel of land in Oak Brook. The contract referred to plaintiff as a contractor, but one provision stated his duties would be more akin to those of a construction supervisor. Those duties included assembling bids, selecting subcontractors with the owner's approval, supervising and coordinating construction, and maintaining expense records. Plaintiff's fee was 6% of the actual cost of construction.

The complaint alleged further that on or about September 5, 1986, defendant, acting through an attorney, purported to cancel the

contract. Plaintiff was ready, willing, and able to perform his contractual obligations at all times. Plaintiff sought $4,656 in damages.

Defendant filed an answer to the complaint and a counterclaim. Defendant subsequently filed a motion for summary judgment supported by the affidavit of Dean Homer, one of its agents. Homer's affidavit stated that plaintiff never provided defendant or any of its employees or agents with a sworn contractor's statement as required by section 5 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 5). Plaintiff's response was not supported by any affidavits. Plaintiff argued in the response that the Act was not applicable because the contract provided that he would be acting as a construction supervisor rather than a general contractor.

The trial court granted the motion for summary judgment. Plaintiff then filed a motion to reconsider and a supporting memorandum in which he argued that summary judgment was improper because defendant never requested a contractor's statement and because defendant presented no evidence that plaintiff performed lienable services. Plaintiff also asserted in the memorandum that the information in his mechanic's lien claim was sufficient to comply with the requirements of section 5 of the Act. The trial court denied the motion to reconsider and found there was no just reason to delay enforcement or appeal from the order. Plaintiff now appeals.

■ Defendant contends that the only issue properly preserved for appeal is whether defendant was a construction supervisor rather than a contractor under section 1 of the Act and whether this would render the requirements of the Act inapplicable to the case at bar. According to defendant, plaintiff did not raise any of the other issues in the trial court. Issues not raised in the trial court are considered waived and may not be raised for the first time on appeal. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500.) Our review of the record reveals, however, that plaintiff mentioned the other issues raised on appeal in either his motion to reconsider or the supporting memorandum, and we therefore reject defendant's contention.

■ A motion for summary judgment should only be granted if the pleadings, depositions, admissions, and affidavits on file show that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Summary judgment is a drastic means of disposing of litigation and should only be granted if the right of the movant is clear and free from doubt. *Purtill*, 111 Ill. 2d at 240.

The trial judge granted summary judgment because he believed

the case was governed by the decision in *Ambrose v. Biggs* (1987), 156 Ill. App. 3d 515. In *Ambrose*, this court held that a contractor's failure to provide an owner with the sworn statement required by section 5 of the Act precludes recovery by the contractor in a breach of contract action against the owner. (156 Ill. App. 3d at 518.) Section 5 requires a contractor to provide an owner with a written statement under oath or verified by affidavit of the names and addresses of all parties furnishing materials and labor and the amounts due or to become due each. Ill. Rev. Stat. 1987, ch. 82, par. 5.

■ Plaintiff contends that the requirements of section 5 of the Act did not apply to him because the contract provided that he would act as a construction supervisor rather than a contractor. Plaintiff has cited no authority in support of his contention that a construction supervisor is not a contractor under the Act and has therefore waived it for purposes of this appeal. (113 Ill. 2d R. 341(e)(7); *In re Marriage of Strauss* (1989), 183 Ill. App. 3d 424, 428.) Additionally, the contention is without merit.

Section 1 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 1) provides that anyone who contracts with an owner of land or the owner's duly authorized agent to "furnish or perform *** services as superintendent *** in the building, altering, repairing or ornamenting" of the subject property is a contractor and has a lien thereon. An individual who contracts to supervise construction on a project therefore has a mechanic's lien on the subject property under section 1. (*BRL Carpenters, Ltd. v. American National Bank & Trust Co.* (1984), 126 Ill. App. 3d 137, 143.) Even if plaintiff was a construction supervisor under the terms of the contract, he comes within the definition of contractor for purposes of the Act, and the requirements of section 5 therefore applied to him.

■ Plaintiff also argues that section 5 does not apply because defendant failed to present any evidence that plaintiff hired any subcontractors or performed any lienable services. Although it is true that defendant failed to present any such evidence, no material issue of fact existed in this regard because plaintiff was required to provide a sworn contractor's statement under section 5 of the Act even if he had not performed any lienable services or hired any subcontractors.

Section 5 of the Act states in relevant part as follows:

> "It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect or superintendent, shall pay or cause to be paid to said contractor or to his order any moneys or other consideration, due or to become due such contractor,

or make or cause to be made to such contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing materials and labor, and of the amounts due or to become due each." (Ill. Rev. Stat. 1987, ch. 82, par. 5.)

It is apparent from the above language that all contractors must provide the sworn statement described in section 5. Section 1 defines the term contractor for purposes of the Act as anyone who contracts to provide certain listed services or to furnish labor or materials. Thus, an individual does not actually have to perform any of the listed services or furnish labor or materials in order to become a contractor, but merely has to enter into an agreement to do so. This point is further illustrated by the fact that section 1 grants a lien on the subject property to the contractor and specifically states "[t]his lien attaches as of the date of the contract." (Ill. Rev. Stat. 1987, ch. 82, par. 1.) Even if no lienable services were performed, this would not excuse compliance with section 5.

■ Plaintiff contends further, however, that he could not have provided a list of "the names and addresses of all parties furnishing materials and labor" if there were no such parties. We are not persuaded by this argument. It is readily apparent that under such circumstances plaintiff could have submitted a sworn statement certifying that no subcontractors had been hired. The purpose of requiring contractors to submit the sworn statements described in section 5 is to protect owners from potential claims of subcontractors. (*Ambrose v. Biggs* (1987), 156 Ill. App. 3d 515, 518.) Section 5 requires contractors to provide information that is within their knowledge but which may not be known to the owner. Since the owner may not be aware whether subcontractors have been hired, it is consistent with the purpose of section 5 to require a contractor's sworn statement even if none have been employed.

We realize that plaintiff's contract required him to receive the owner's consent before hiring any subcontractors. Plaintiff argues that defendant should have been aware that he had hired no subcontractors, rendering the requirement of a sworn statement meaningless under the circumstances. It is still conceivable, however, that a contractor could breach such a provision and hire subcontractors without an owner's approval. Defendant is entitled to be provided with a sworn statement certifying that plaintiff had complied with the above provision and had not hired any subcontractors.

■ Plaintiff also argues that even if he had a duty to provide a

contractor's sworn statement, section 5 provides that defendant had a concurrent duty to request one and there is no evidence defendant made such a request. In making this argument, plaintiff misstates the nature of the owner's duty under section 5. This provision states that the owner has a duty to require a sworn contractor's statement prior to paying any consideration to the contractor. Section 32 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 32) states that if an owner makes a payment to a contractor without first fully enforcing his rights under section 5, the payment will not be regarded as rightfully made as against any subcontractor, laborer, or party furnishing labor or materials. If the owner makes such a payment before receiving the contractor's sworn statement, the owner may be compelled to pay subcontractors even if he or she has paid the contractor in full. *Brady Brick & Supply Co. v. Lotito* (1976), 43 Ill. App. 3d 69, 73.

Thus, the duty of an owner under section 5 is a duty to refrain from paying the contractor until the owner receives the contractor's sworn statement. This is a duty owed to the subcontractors, and a breach of the duty can result in liability to the subcontractors under section 32 of the Act. Section 5 does not explicitly require the owner to make an oral or written request for the contractor's statement, nor does it condition the contractor's duty to provide the statement on receiving such a request. We must therefore reject plaintiff's contention.

■ Plaintiff's final argument is that his mechanic's lien claim contained the information required by section 5 of the Act and that he thereby complied with the requirement of providing a sworn contractor's statement. The lien claim only provides information concerning plaintiff and his claim; it does not provide any information whatsoever concerning subcontractors. If, as plaintiff contends, there were no subcontractors, we have already stated that defendant was entitled to a sworn statement to that effect. The mechanic's lien claim contains no such statement. The claim did not constitute compliance with plaintiff's duties under section 5 of the Act.

The trial court correctly concluded that plaintiff was required as a matter of law to provide defendant with a contractor's sworn statement and failed to do so. Summary judgment was therefore appropriate. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and LINDBERG, JJ., concur.