JOHN PRIOR, d/b/a Prior Oil Company, Plaintiff-Appellant, v. FIRST BANK AND TRUST COMPANY OF MT. VERNON, as Trustee, *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0038

Opinion filed July 21, 1992.

Ronald A. Niemann, of Niemann & Parker, of Centralia, for appellant.

David L. Piercy, of Howard & Howard, of Mt. Vernon, for appellees Darrell Davis, Evelyn L. Davis, Charles Eugene Davis, and Evelyn C. Davis.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, John Prior, d/b/a Prior Oil Company, appeals from the granting of summary judgment by the circuit court of Jefferson County in favor of defendants, Darrell, Evelyn C., Charles Eugene and Evelyn L. Davis, on plaintiff's claim for a mechanics' lien against their property. We reverse and remand.

Defendants are the owners of the beneficial interest of a land trust of which First Bank and Trust Co. of Mt. Vernon is the trustee. On October 23, 1987, Terry Flanagan entered into a contract for deed with trustee for the purchase of the real estate comprising the land trust in order to construct a raceway. Pursuant to constructing the raceway, on March 11, 1988, Flanagan entered into an oral agreement with plaintiff for the furnishing of materials and labor to bring the race track into operation. Plaintiff expended some $10,445 in labor and materials but was never paid for the goods and services he furnished. Accordingly, plaintiff brought an action to impose a mechanics' lien. Defendants moved for summary judgment claiming plaintiff had never provided a sworn contractor's statement as required by section 5 of the Mechanics Lien Act (Ill. Rev. Stat. 1987, ch. 82, par. 5) so as to perfect or create his lien. The trial court determined plaintiff's failure to provide the section 5 statement precluded his action for a mechanics' lien and granted defendants' motion for summary judgment. On appeal, plaintiff asserts the trial court erred in granting summary judgment in favor of defendants on the grounds he failed to comply with section 5 of the Mechanics Lien Act, especially when defendants were on notice of his claim.

Mechanics' liens, being wholly a creation of statute, are in derogation of the common law. (*First Federal Savings & Loan Association v. Connelly* (1983), 97 Ill. 2d 242, 246, 454 N.E.2d 314, 316;

*Aluma Systems, Inc. v. Frederick Quinn Corp.* (1990), 206 Ill. App. 3d 828, 838, 564 N.E.2d 1280, 1287; *Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 139, 224 N.E.2d 602, 603.) As such, mechanics' lien statutes, affording extraordinary remedies to certain classes of contractors and subcontractors (*Suddarth*, 81 Ill. App. 2d at 139, 224 N.E.2d at 603), must be strictly construed with reference to all requirements upon which such liens depend (*First Federal*, 97 Ill. 2d at 246, 454 N.E.2d at 316; *Aluma Systems*, 206 Ill. App. 3d at 838, 564 N.E.2d at 1287). Once a contractor has complied with the statutory prerequisites, however, the Mechanics Lien Act should be liberally construed in order to carry out its remedial purpose. (*First Federal*, 97 Ill. 2d at 246, 454 N.E.2d at 316; *Aluma Systems*, 206 Ill. App. 3d at 839, 564 N.E.2d at 1287.) This purpose is to permit a lien upon premises where a benefit has been received by the owner and where the value or condition of the property has been increased or improved by reason of the furnishing of labor and materials. (*First Federal*, 97 Ill. 2d at 246, 454 N.E.2d at 316; *Abbott Electrical Construction Co. v. Ladin* (1986), 144 Ill. App. 3d 974, 981, 494 N.E.2d 1251, 1256.) As our supreme court has stated:

> "The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of those against whom the remedy offered by the statute is directed, and it is never employed otherwise." (*United Cork Cos. v. Volland* (1937), 365 Ill. 564, 572, 7 N.E.2d 301, 305.)

(See also *First Federal*, 97 Ill. 2d at 251, 454 N.E.2d at 319.) Here we have just such a case of a technicality being used to defeat a valid lien. Under the holdings of *Abbott Electrical* and *National Wrecking Co. v. Midwest Terminal Corp.* (1992), 234 Ill. App. 3d 750, plaintiff's failure to give defendants a sworn statement does not operate to bar his mechanics' lien claim. (*National Wrecking*, 234 Ill. App. 3d at 763; *Abbott Electrical*, 144 Ill. App. 3d at 978-79, 494 N.E.2d at 1254-55; see also *Ambrose v. Biggs* (1987), 156 Ill. App. 3d 515, 518, 509 N.E.2d 614, 616 (failure of both owner and contractor to comply with section 5 will not bar contractor's mechanics' lien claim).) Defendants never requested a sworn statement from plaintiff; consequently, the duty to provide them with one never arose. They cannot now defeat plaintiff's claim merely on this basis alone. (See *Abbott Electrical*, 144 Ill. App. 3d at 978, 494 N.E.2d at 1254.) Con-

trary to the position taken by the second district in *Malesa v. Royal Harbour Management Corp.* (1989), 187 Ill. App. 3d 655, 543 N.E.2d 591, involving solely an action for breach of contract, we believe the owner under section 5 of the Act has more than just the duty to refrain from paying the contractor until he receives the contractor's sworn statement. Defendants knowingly allowed the work to be done to their property and in so doing recognized a benefit to their land. In order to uphold the remedial purpose of the Mechanics Lien Act, we must agree that the trial court erred in granting summary judgment in favor of defendants on the basis of plaintiff's failure to provide defendants with a sworn contractor's statement.

For the aforementioned reasons, we reverse the summary judgment entered by the circuit court of Jefferson County in favor of defendants and remand this cause for further proceedings.

Reversed and remanded.

HARRISON and W. LEWIS, JJ., concur.