NORTHWEST MILLWORK COMPANY, Plaintiff, v. CASIMIR J. KOMPERDA *et al.*, Defendants (Lipowski and Associates, Inc., Third-Party Plaintiff-Appellant; Casimir J. Komperda *et al.*, Third-Party Defendants-Appellees (St. Paul Federal Bank for Savings/Charter One Bank *et al.*, Third-Party Defendants)).

Second District   No. 2—01—1397

Opinion filed April 15, 2003.

Peter G. Swan, of Emalfarb, Swan & Bain, of Highland Park, for appellant.

Stephen B. Cohen and Michael G. Swiatek, both of Kelly, Olson, Michod, DeHaan & Richter, L.L.C., of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Third-party plaintiff, Lipowski & Associates, Inc. (Lipowski), appeals from the dismissal of its action to foreclose on a mechanic's lien and to recover for breach of contract. On appeal, Lipowski argues that its failure to submit a sworn contractor's statement does not preclude it from pursuing a breach of contract action. We reverse and remand.

This litigation arises out of the construction of improvements to the home of Casimir J. Komperda and Dawn M. Komperda. The Komperdas hired Lipowski to provide architectural and construction management services on the project. Plaintiff, Northwest Millwork Company (Northwest), furnished doors, trim, and hardware for the project. On June 8, 2001, Northwest sued the Komperdas; Andrew Lipowski, who was Lipowski's principal; and St. Paul Federal Bank for Savings/Charter One Bank (St. Paul). The complaint alleged that on May 21, 1999, Northwest and Andrew Lipowski agreed that Northwest would furnish lumber materials for the project. Northwest was to receive $8,096.22 for its services. Northwest completed its work on June 17, 1999. It sought to foreclose on its mechanic's lien, damages for breach of contract, and damages under section 28 of the Mechanics Lien Act (Act) (770 ILCS 60/28 (West 2000)). The contract claim was

directed against Andrew Lipowski only, and the remaining claims were directed against all defendants.

Lipowski filed a third-party claim against the Komperdas, St. Paul, and unknown owners and lien claimants. Count I of Lipowski's third-party complaint sought to foreclose on its mechanic's lien, and count II sought damages for breach of contract. Lipowski alleged that it and the Komperdas entered into an oral agreement on or about September 26, 1999. For the architectural services, Lipowski's compensation would equal 8% of the construction costs, and, for the construction management services, Lipowski's compensation would equal 12% of the construction costs. On July 13, 1999, Lipowski completed its obligations under the contract. At that time, $48,425.61 became due. Despite Lipowski's repeated requests, the Komperdas never paid the balance. On September 23, 1999, Lipowski served a notice of a mechanic's lien claim and on October 21, 1999, filed a mechanic's lien claim with the Lake County recorder of deeds.

Lipowski attached to its complaint a billing statement dated September 17, 1999. According to the statement, the base construction cost was $77,165.76. The construction management fee was $9,259.85, and the architectural fee was $6,173.30. Lipowski charged an additional architectural fee of $7,426.70. Thus, the total bill was $100,025.61. The statement reflects that the Komperdas paid $50,000 to Lipowski and $1,600 to a window supplier, thus reducing the total amount due to $48,425.61.

Relying on section 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(9) (West 2000)), the Komperdas moved to dismiss the third-party claim. Citing this court's decisions in *Malesa v. Royal Harbour Management Corp.*, 187 Ill. App. 3d 655 (1989), and *Ambrose v. Biggs*, 156 Ill. App. 3d 515 (1987), the Komperdas argued that, because Lipowski failed to give them a sworn contractor's statement pursuant to section 5 of the Act (770 ILCS 60/5 (West 2000)), Lipowski was barred from maintaining a breach of contract action. They argued further that, because the right to proceed on a mechanic's lien depends upon the ability to recover for a breach of a valid contract with the property owner, under *res judicata* principles, the mechanic's lien claim likewise must fail. The Komperdas attached their affidavits in which they averred that Lipowski never gave them a sworn statement. Also, the Komperdas moved to dismiss Northwest's claims against them.

Lipowski responded that it was not a general contractor but instead an architect and construction manager. Therefore, it was not required to submit a sworn statement under section 5.

On September 18, 2001, the trial court dismissed with prejudice

Lipowski's third-party claim. Also, the court dismissed with prejudice Northwest's mechanic's lien claim as to all defendants and dismissed with prejudice the section 28 damages claim as to the Komperdas only.

On September 20, 2001, Lipowski moved to reconsider. It urged the trial court to follow *National Wrecking Co. v. Midwest Terminal Corp.*, 234 Ill. App. 3d 750 (1992), and *Prior v. First National Bank & Trust Co. of Mount Vernon*, 231 Ill. App. 3d 331 (1992), which rejected *Malesa* and *Ambrose*. On November 6, 2001, the trial court denied the motion to reconsider and found no just reason to delay the enforcement or appeal of the judgment. See 155 Ill. 2d R. 304(a). Lipowski timely appealed.

A motion to dismiss pursuant to section 2—619 of the Code admits the legal sufficiency of the complaint and all well-pleaded facts and the inferences therefrom but asserts an affirmative matter that avoids or defeats the claim. *Avakian v. Chulengarian*, 328 Ill. App. 3d 147, 152 (2002). We must ascertain whether a genuine issue of material fact precluded the dismissal or, absent such an issue of fact, whether the dismissal was proper as a matter of law. *Carroll v. Paddock*, 199 Ill. 2d 16, 22 (2002). We review the trial court's ruling *de novo*. *Carroll*, 199 Ill. 2d at 22.

The affirmative matter the Komperdas have raised is that Lipowski failed to tender them a contractor's affidavit under section 5 of the Act. The purpose of the Act is to permit a lien upon premises where a benefit has been received by the owner and the value or condition of the property has been increased or improved by the furnishing of labor and materials. *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 164 (1998). Because the rights under the Act are in derogation of the common law, the steps necessary to invoke those rights must be strictly construed. *Westcon/Dillingham Microtunneling v. Walsh Construction Co. of Illinois*, 319 Ill. App. 3d 870, 877 (2001). Once a plaintiff has complied with the requirements, however, the Act should be liberally construed to accomplish its remedial purpose. *Westcon/Dillingham*, 319 Ill. App. 3d at 877.

Section 5 of the Act provides:

"It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect, or superintendent shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due to the contractor, or make or cause to be made to the contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing materials and labor and of the amounts due or to become due to each." 770 ILCS 60/5 (West 2000).

■ The Act becomes a part of every construction contract between an owner and a contractor. *Abbott Electrical Construction Co. v. Ladin*, 144 Ill. App. 3d 974, 977 (1986). The purpose of the sworn statement is to protect owners from the potential claims of subcontractors. *Malesa*, 187 Ill. App. 3d at 659. Section 5 requires contractors to provide information that is within their knowledge but that may not be known to the owner. *Malesa*, 187 Ill. App. 3d at 659. If the owner pays the contractor before receiving the sworn statement, the owner may be compelled to pay subcontractors even if he or she has paid the contractor in full. 770 ILCS 60/32 (West 2000); *Malesa*, 187 Ill. App. 3d at 660.

In *Abbott Electrical*, 144 Ill. App. 3d at 979, this court held that a contractor's failure to comply with section 5 will defeat its mechanic's lien claim only if the property owner has requested the sworn statement. *Ambrose* involved a contractor's breach of contract claim against the owner. The *Ambrose* court explained that the apparent rationale for the holding in *Abbott Electrical* was that, because all subcontractors with a mechanic's lien on the property are necessary parties to the foreclosure action, their interests will be protected regardless of whether the contractor provides the sworn statement. By contrast, subcontractors are not necessary parties to a contract claim between an owner and a contractor. As a result, in a contract claim, an owner is not protected from potential subcontractors' claims unless the contractor provides a proper statement. Considering the substantial risk to the owner, the *Ambrose* court held that a contractor who fails to provide the sworn statement cannot recover for breach of contract. *Ambrose*, 156 Ill. App. 3d at 518.

*Malesa* followed *Ambrose*. The contractor in *Malesa* argued that, because the owner has a concurrent duty under section 5 to request a sworn statement, a contractor may maintain a breach of contract action where the owner fails to request the statement. The *Malesa* court rejected the argument. The court explained that the owner's duty is to refrain from paying the contractor until the owner receives the sworn statement. This is a duty owed to the subcontractors, and, under section 32 of the Act, a breach of the duty can lead to liability to the subcontractors. The court observed that section 5 does not explicitly require the owner to request the statement and does not condition the contractor's duty to provide the statement on receiving such a request. *Malesa*, 187 Ill. App. 3d at 600.

In *National Wrecking*, the Appellate Court, First District, declined to follow *Ambrose* and *Malesa*. First, the court observed that *Ambrose* and *Malesa* conflicted with its decision in *Hall v. Harris*, 242 Ill. App. 315 (1926). *National Wrecking*, 234 Ill. App. 3d at 763. Second, the

court reasoned that nothing in section 5 indicates that the legislature intended to bar contract actions where the contractor fails to comply with the statute. *National Wrecking*, 234 Ill. App. 3d at 763-64.

The Fifth District also has disagreed with *Malesa* in its decision in *Prior*. *Prior* involved only a mechanic's lien claim. Holding that the contractor's failure to provide a sworn statement did not bar the claim, the court observed that the doctrine of strict construction never was meant to be a pitfall to the unwary and that owners should not be able to rely on a technicality to defeat an otherwise valid lien. *Prior*, 231 Ill. App. 3d at 333. Moreover, the court concluded that, because the owners in the case before it never requested a sworn statement, the duty to provide one never arose. *Prior*, 231 Ill. App. 3d at 333. According to the court, an owner has more than just the duty to refrain from paying the contractor until he receives the statement. The owners in *Prior* knowingly allowed the work to be done and thereby recognized a benefit to their property. *Prior*, 231 Ill. App. 3d at 334.

Lipowski urges us to adopt *National Wrecking* and *Prior*. Also, Lipowski insists that the *Ambrose* court's concern about the risk to the owner simply is not present here. Initially, the Komperdas respond that Lipowski has waived these arguments because it did not properly raise them below. They stress that Lipowski did not raise *National Wrecking* and *Prior* until it moved to reconsider, never cited *Abbott Electrical*, and never attempted to distinguish *Ambrose*.

■ Lipowski has not waived the arguments it raises on appeal. In its motion to reconsider, Lipowski argued generally that its failure to provide a sworn statement did not preclude a breach of contract action. Where, as here, Lipowski afforded the trial court an opportunity to consider the issue now raised on appeal, application of the waiver rule would not further the reason for the rule. See *People v. McKay*, 282 Ill. App. 3d 108, 111 (1996) (waiver rule preserves judicial resources by encouraging litigants to bring alleged errors to trial court's attention). Moreover, waiver operates as a limitation on the parties, not the courts. *Mellon v. Coffelt*, 313 Ill. App. 3d 619, 626 (2000). A reviewing court may relax the waiver rule where it is necessary to achieve a just result and maintain a uniform body of precedent. *Mellon*, 313 Ill. App. 3d at 626. This appeal involves an issue that has led to disagreement among some appellate districts and therefore requires further analysis.

■ We conclude that *Ambrose* and *Malesa* are distinguishable and therefore do not control here. The *Ambrose* court noted that the owners' "refusal to make the final payment in the absence of a contractor's statement was justified in order to protect against potential subcontractors' lien claims." *Ambrose*, 156 Ill. App. 3d at 518. Here, the facts

developed thus far do not demonstrate that the Komperdas are subject to the risk of subcontractors' lien claims. Section 24 of the Act provides:

> "Sub-contractors *** may at any time after making his or her contract with the contractor, and shall within 90 days after the completion thereof *** cause a written notice of his or her claim and the amount due or to become due thereunder, to be sent *** to or personally served on the owner of record or his agent or architect ***." 770 ILCS 60/24 (West 2000).

Serving the 90-day notice is a condition precedent to a mechanic's lien claim. *Caruso v. Kafka*, 265 Ill. App. 3d 310, 313 (1994). Here, Lipowski sued long after the 90-day period had expired, and the Komperdas have not claimed any actual prejudice or exposure to potential subcontractors' claims. By the time Lipowski sued the Komperdas, the Komperdas were aware of Northwest's lien claim. Under these circumstances, the reasoning of *Prior* applies. By allowing the work to be done, the Komperdas recognized a benefit to their property. Unless the Komperdas can demonstrate prejudice, it would be inequitable to allow them to rely solely on a technicality to defeat what otherwise may be a valid contract claim.

Moreover, in *Ambrose*, the contractor abandoned the work after the owners refused to make the final payment. Likewise, in *Malesa*, the project never was completed. Here, Lipowski alleged that it completed its obligations under the contract. It is significant that *Ambrose* and the case on which the *Ambrose* court relied, *Deerfield Electric Co. v. Herbert W. Jaeger & Associates, Inc.*, 74 Ill. App. 3d 380 (1979), involved an owner's failure to make installment payments while the work was still in progress. Both decisions addressed the owners' need to protect themselves from potential subcontractors' lien claims. *Ambrose*, 156 Ill. App. 3d at 518; *Deerfield Electric*, 74 Ill. App. 3d at 386. Where there is no longer a potential for such claims, the concerns expressed in *Ambrose* and *Malesa* are not present, and it would be inequitable to hold that the failure to present a sworn statement permanently bars a breach of contract action.

Under the facts developed so far, it is impossible to say as a matter of law that Lipowski's failure to provide a sworn contractor's statement prevents it from pursuing a breach of contract claim. Also, the record contains no evidence that the Komperdas requested a sworn statement. Under *Abbot Electrical*, the failure to provide the statement does not defeat Lipowski's mechanic's lien claim. Accordingly, we conclude that the trial court erred in dismissing Lipowski's third-party claim.

We reverse the judgment of the circuit court of Lake County and

remand the cause for further proceedings on Lipowski's third-party complaint.

Reversed and remanded.

HUTCHINSON, P.J., and CALLUM, J., concur.