H. H. Gunther et al., Appellees, v. O'Brien Brothers
Construction Company et al., Defendants.
Appeal of Galesburg Sanitary District, Appellant.
Theodore P. Lenzen, Cross-Appellant.

Gen. No. 9,163.

Opinion filed December 2, 1937. Re-
hearing denied January 15, 1938.

WOOLSEY, STICKNEY & LUCAS, of Galesburg, and
WHITE & HAWXHURST, of Chicago, for appellant;

HOMER C. DAWSON, of Chicago, EDWARD S. STICKNEY and RALPH R. HAWXHURST, of counsel.

L. FRED O'BRIEN and BURREL BARASH, of Galesburg, for cross-appellant.

HARDY, HARDY, HARDY & WITHERELL, NELSON & GUSTAFSON, LEWIS & THOMPSON, BURREL BARASH, L. FRED O'BRIEN, RICHARD J. NEAGLE, E. D. HARDY, WILFRED ARNOLD, NELSON, NEAGLE & GUSTAFSON, WALLACE THOMPSON, JAMES E. DAVIS, JOHN C. KOST, HERMAN S. ALLEN, all of Galesburg, GUMBART & GRIGSBY, of Macomb, HARRY M. McCASKRIN, of Rock Island, EDGAR F. THOMA, of Elmhurst, and HAROLD KALMON and JOHN M. QUINLAN, both of Chicago, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Sometime prior to May 19, 1930, the appellant, the Galesburg Sanitary District, a municipal corporation, in Knox county, Illinois, was organized pursuant to the statutes of the State of Illinois, for the creation of a sanitary district. The O'Brien Brothers Construction Company was an Illinois corporation, engaged in the contracting and construction business. On May 19, 1930, the Sanitary District and O'Brien Brothers entered into a written contract by which the O'Brien Brothers agreed to construct certain ditches, drains, sewers, bridges, and other related construction work for the Sanitary District. O'Brien Brothers performed a considerable portion of the work called for by the said contract. On July 28, 1931, O'Brien Brothers defaulted and ceased to do any further work upon the contract. In accordance with the contract, notice of the default of the O'Brien Brothers was given by the proper parties to all persons and companies concerned. All necessary resolutions and ordinances were properly passed by the Sanitary District in connection with such default. Subsequent to said default and prior to relet-

ting a formal contract for the completion of the work, the Sanitary District paid out, on items of expense, for labor, etc., an amount aggregating $14,424.44, which the court found was reasonable in amount and necessary for the completion of the work according to the contract. After the default of O'Brien Brothers, the Sanitary District took necessary and appropriate steps, by means of advertising for bids, the passing of ordinances, etc., and on December 1, 1931, entered into a contract with Alexander & Repass Brothers for the completion of the work left unfinished by the O'Brien Brothers. The total payments called for by the O'Brien contract was $692,230.62. The total payments made to O'Brien Brothers for work done and materials furnished according to the contract, prior to the default, was $494,293.37. The total paid to Alexander & Repass Brothers under and pursuant to their contract for the completion of the work was $144,900.

On January 30, 1931, John C. Coberg served a written notice upon the trustees of the Sanitary District, that O'Brien Brothers Construction Company was indebted to him in the sum of $4,981.90; that he had furnished lumber and machinery to said O'Brien Brothers, which was used in the construction of the sewer, etc., of the Sanitary District, and that he claimed a lien for the amount of such indebtedness upon any money, bonds, or warrants due, or to become due, to O'Brien Brothers from said Sanitary District on account of said contract between O'Brien Brothers and said Sanitary District.

Between January 30, 1931 and December 1, 1931, numerous other persons, who claimed they had furnished materials for the construction of the sewers, etc., or had worked for the O'Brien Brothers Company on said sewer project, had not been paid for their materials and labors, served notice upon the Sanitary District that they claimed a lien on any money that was due or might become due from the Sanitary District to O'Brien Brothers on account of said contract. Later

on, numerous other claims were filed with the Sanitary District. Each stated that they had a lien on the unexpended fund of the Sanitary District by reason of the claimants having furnished material, insurance, labor, etc., to the O'Brien Brothers for use in said sewer construction.

On January 20, 1932, H. H. Gunther et al., filed a bill of complaint in the circuit court of Knox county, setting forth that the Galesburg Sanitary District, a municipal corporation in Knox county, had entered into a contract with the O'Brien Brothers for the construction of a sewer system for said Sanitary District, and that each of the complainants had furnished to the O'Brien Brothers Construction Company work, materials, or service of some kind which had gone into the construction of said sewer system; that each of the complainants is asking to have the amount due them, respectively, made a lien on the funds in the hands of the Sanitary District, and asks that the same may be ordered paid in the amount found to be due each of them, respectively. Other lien claimants filed answers to the bill of complaint and were given leave to intervene, setting forth facts and circumstances upon which they claimed to have a lien on the funds in the hands of the Sanitary District, which were, or might come, due the O'Brien Brothers.

The Sanitary District filed its answer to all petitions for liens, in which it neither admitted nor denied many allegations of the bill, and neither admitted nor denied the justness of the claim of the separate claimants. No question is raised in this appeal in regard to the pleadings in the case, so it seems unnecessary to state anything further in regard to them.

The contract between the Sanitary District and O'Brien Brothers provided that payments were to be made as work progressed, that is, 85 per cent of the value of the work done and material furnished was to be paid to the O'Brien Brothers Company, and the re-

maining 15 per cent was to be held by the Sanitary District and was not due and payable until the completion of the work and final acceptance by the Sanitary District. The 15 per cent held by the Sanitary District, which had not been paid to the O'Brien Brothers Company, amounted to $87,288.41.

The case was tried before Judges Loren Murphy, Riley E. Stevens, and George C. Hillyer, the judges of the Ninth Judicial Circuit, sitting in *banc*. The court found the issues in favor of the complainants and entered a decree, part of which is as follows: "And the Court finds and decrees that the Sanitary District is not entitled to credit for any part of said 15% fund expended in protecting or preserving the work, or in completing said work, until all claims for labor and material allowed in the former decree or filed with the Sanitary District and may be hereafter allowed, are fully paid; and the Sanitary District had no right to use any part of said 15% fund for either of said purposes until all of said liens had been paid in full; that the lien claimants whose claims have been heretofore or are herein allowed, or filed and may be hereafter allowed, have a first and prior lien upon said 15% fund amounting to $87,288.41, to the extent of their several liens allowed or to be allowed, and that no part of said fund could, or can, be legally used or applied for any other purpose until all of said liens, together with Court costs, have been paid."

The appellant, in its brief, has assigned seven reasons why the judgment of the lower court should be reversed, but the following paragraphs of the brief, which relate to the part of the decree of the court above quoted, states its position in a concise manner: "That holding of the Court is the nub of this case, and presents the main question for review. In making the aforesaid holding, the Court overruled the Master in Chancery, who, as above stated, found and held the amounts expended by the Sanitary District for the pro-

tection and completion of the work to be proper deductions and allowed the Sanitary District credit therefor.

"As indicated, there is no controversy about the facts. After the completion of the construction work, the Sanitary District had left as due the contractor, the sum of $38,612.21, which it paid to the Master in Chancery under order of court. The lien claims allowed, exceeded that sum; and in addition some claims remained undisposed of, of which the Court retained jurisdiction for future disposition. No point is made, or error assigned, in this brief, as to the allowance of any of said claims or the amounts thereof. Our contention is, that the Sanitary District should not have been decreed to pay any more than the $38,612.21."

As stated above, the controversy in this case has narrowed down to one point as to whether the $87,288.41, which represents 15 per cent of the amount of work done and material furnished by the O'Brien Brothers Construction Company, could be used by the Sanitary District for the purpose of completing the contract before the liens of the complainants had been paid in full or whether the mechanic's lien claimants were entitled to the full fund as represented by the 15 per cent held back by the Sanitary District or so much of the said fund as was necessary to pay each of their claims in full.

Section 781, ch. 24, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 76.095, provides that the successful bidder for the construction of such improvement shall enter into a bond; that said bond shall provide that the contractor shall well and faithfully perform and execute said work in all respects according to the complete and detailed specifications, etc., and according to the time, terms, and conditions of the contract, and also, that such bidder and contractor shall promptly pay all debts incurred by such bidder or contractor in the prosecution of such work including those for labor and materials furnished, and that suit may be brought

on such bond in case of default or failure to pay such debts promptly by and in the name of the city or village for all damages sustained either by the city or village or by any person or party interested, or for the damages sustained by the city or village and all other parties in interest, or by any beneficiary or party interested. The Sanitary District failed to take such bond as required by statute. O'Brien Brothers, the successful bidders, did enter into a bond with good and sufficient surety to protect the Sanitary District against loss or damage in the construction of the sewer system, but it does not protect the lien claimants.

Section 39 of the Mechanic's Liens Act, Ill. Rev. Stat. 1937, ch. 82; Jones Ill. Stats. Ann. 74.39, provides: "This act is and shall be liberally construed as a remedial Act." Our courts have held that while this section of the Mechanic's Liens Act provides "that it shall be liberally construed as a remedial Act," the liens exist only by the act by which they are created and the statute must be strictly followed with respect to all matters on which the liens depend. *Liese v. Hentze,* 326 Ill. 633; *Charles A. Hohmeier Lumber Co. v. Knight,* 350 Ill. 248. Neither the appellant nor the appellee have cited any case which to us seems to have much bearing on the question as presented by this appeal. The facts are not in dispute. It is conceded that the claimants in establishing their right to a lien have complied strictly with all of the statutory requirements. The only question is, What funds are available to pay these liens? The object and purpose of the Mechanic's Liens Act is to protect those who, in good faith, furnish material or labor for the construction of buildings or public improvements. *Granite City Lime & Cement Co. v. Board of Education,* 203 Ill. App. 134. After the lien claimants have complied strictly with the statutory requirements to establish their liens, then the court should give the

statute a liberal construction, so that justice will be done between the parties. This is a suit in equity and equity principles should prevail.

It is conceded that the O'Brien Brothers Construction Company is insolvent and that if the claims of the appellees are not allowed in full they will probably suffer a loss. On the other hand, the Sanitary District is fully protected by good and sufficient bond against any loss they might sustain by reason of the default of the O'Brien Brothers Construction Company in carrying out their contract. A fund of $87,288.41 was held by the Sanitary District for their own protection and for the protection of the people who furnished the material and labor to build the sewer system for said Sanitary District.

It is our conclusion that the trial court properly held that the Sanitary District was not entitled to credit for any part of said fund of $87,288.41 for the protection, preservation, or completion of said work, until all claims for labor and material, as represented by the mechanic's lien claimants, had been paid in full.

Theodore Lenzen filed a claim against the appellant for a mechanic's lien for $9,700.85, for steel which was furnished to the O'Brien Brothers Construction Company and used in the work on the Sanitary District. The master found that the claim should be allowed for $6,282.65. Lenzen filed objections to the master's report, which were overruled. Exceptions were filed to the report, in the circuit court, and the same were overruled. Judgment was entered in favor of Lenzen and claim was allowed for $6,282.65. From this judgment Lenzen has filed a cross appeal. A motion to strike the cross appeal was made, because the cross appellant did not file a praecipe for a record, as required by the rules of court, nor file his abstract and brief in apt time. This motion was taken with the case. The motion to strike is hereby overruled, but

we do not pass upon the merits of the motion. We have decided to consider the merits of the cross appeal.

The only question raised by the cross appeal is one of fact, namely, the amount of steel which was furnished by Lenzen to O'Brien Brothers Company which was used in the construction of this sewer system. Mr. Lenzen called several witnesses who testified to the amount of steel which he furnished the O'Brien Brothers Construction Company to be used in the sewer work. The complainants called H. H. Gunther, who testified that he was a general contractor, that he had experience in reading plans and specifications, such as were involved in the sewer construction of the Galesburg Sanitary District. He analyzed each exhibit of the cross appellant, the plans and specifications where the cross appellant claimed he had furnished steel, and gave as his opinion that only 957.61 tons of steel were used by the O'Brien Brothers Construction Company in the work they did on the construction of the sewer. The master gave more credence to the testimony of this witness than to the others. The three judges sitting in *banc,* reviewed this testimony and they also gave more credence to the testimony of Gunther than the other witnesses.

From a review of all the testimony concerning this claim, we cannot say that the finding of the trial court is manifestly against the weight of the evidence. The cross errors assigned by Theodore P. Lenzen are overruled and the judgment of the trial court is affirmed in this respect.

We find no reversible error in the case and the judgment of the circuit court of Knox county is hereby affirmed.

*Judgment affirmed.*