Frank E. Suddarth, d/b/a Suddarth Plumbing and Heating, Plaintiff-Appellant, v. Harry Rosen, Ruth D. Rosen, Bimm's Enterprises, Inc., Rock River Savings and Loan Association, an Illinois Corporation, Maple Homes, Inc., and B. L. Studdard, Defendants-Appellees.

Gen. No. 66–96.

Second District.

March 21, 1967.

Early and Lundin, of Rockford, for appellant.

Alan G. Sumberg, of Rockford, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of the 17th Judicial Circuit, Winnebago County, entered on May 27, 1966, that dismissed the plaintiff-appellant's complaint to Foreclose a Mechanic's Lien.

The complaint alleged that the plaintiff, Frank E. Suddarth, a plumbing and heating contractor, had entered into a written contract dated May 10, 1963, with Bim's Enterprises, Inc., whereby he agreed to furnish certain labor and materials for an eight-unit apartment building to be constructed by Bim's. It further alleged that Bims subsequently contracted with the defendants, Harry and Ruth D. Rosen, to construct the apartment

building on certain property owned by the Rosens in Winnebago County. The complaint was later amended to include an allegation that the Rosens obtained a construction mortgage from the Rock River Savings and Loan Association and that the disbursements from that mortgage loan were under the joint control of the Rosens and Rock River.

The plaintiff completed his performance under his contract with Bims on April 27, 1964, and had received all but $1,820 of his agreed consideration at that time. The complaint next alleged as follows:

"19. Plaintiff did not cause to be delivered to and personally served upon the defendants Harry Rosen and Ruth D. Rosen the written notice as required by law of a subcontractor, but states that the defendants Harry Rosen and Ruth D. Rosen had obtained a construction loan and the sums necessary to pay the contractor and subcontractor were dispersed by the said mortgage Rock River Savings and Loan Association, an Illinois corporation, who failed to pay the plaintiff the contract balance as aforesaid."

The complaint prayed for a lien against the property in the amount still owed him and for other relief.

Only the Rosens and Rock River were served with summons in the matter and their respective Motions to Dismiss were granted.

The plaintiff contends that the proofs would show that both the Rosens and the Association had actual knowledge that he had not been fully paid and that the service of the notice required by section 24 of the Mechanics' Lien Act would, therefore, have been a redundant and unnecessary act. He further urges that the Mechanics' Lien Act was designed to protect those that, in good faith, furnish labor and material in the improvement of property and that its purpose should not be defeated by a strict

138

and literal adherance to a highly technical provision, particularly where, as here, the purpose of that provision has already been fulfilled.

■ Section 24 of the Mechanics' Lien Act (Ill Rev Stats, c 82, § 24, 1965) provides that subcontractors, to perfect their lien, shall within 60 days after the completion of their contract "cause a written notice of his claim and the amount due or to become due thereunder to be personally served on the owner. . . ." or certain designated agents of the owner. The only exceptions to this requirement contained in the statute are for property registered under the Torrens' system or where the owner has prior notice of the subcontractor's claim by reason of the contractor's sworn statement furnished him pursuant to section 5 of the Act. The plaintiff's complaint in this case does not allege that the Rosens had notice of his claim by reason of a sworn statement from Bims, their general contractor, and the failure of the Rosens to secure such a statement does not relieve their subcontractors from their obligation to serve their notice within the 60 days to retain their rights as provided in section 24. Brennan v. William P. McEvoy & Co., 196 Ill App 336, 344.

■ ■ It is well known that mechanics' liens are in derogation of the common law and must, therefore, be strictly construed. Roth v. Lehman, 1 Ill App2d 94, 97, 116 NE2d 413. Mechanic's lien statutes afford extraordinary remedies to certain classes of contractors and subcontractors and it is not unreasonable to expect them to conform to the requirements of the law that creates those remedies. Obviously, without a mechanic's lien statute, the plaintiff would have no redress against the owners of the property or their lending institution. The General Assembly has seen fit to grant to a subcontractor, such as the plaintiff, a potent device to secure payment of his improvement of real property by its provision that a lien can be placed against the property so

improved. However, the legislature has required that the subcontractor adhere to certain technical procedures to effectuate his lien and his failure to do so means simply that he has not availed himself of the remedy extended and that he has no lien.

The courts of this State have repeatedly ruled that the notice to the owner as required by the statute is the "very substance of the basis on which a mechanic's lien may be predicated." Roth v. Lehman, ibid.; Liese v. Hentze, 326 Ill 633, 638, 158 NE 428; Shaffer v. Cullerton Corp., 13 Ill App2d 72, 75, 141 NE2d 77. The service of the notice has been described as a "precedent to the creation of a lien." Western Plumbing Supply Co. v. Horn, 269 Ill App 612, 619.

The statute makes no exceptions for cases where the owner may have actual notice of the subcontractor's claim from some source other than those included in section 24.

The cases cited by the plaintiff to support his contention that the Act has been liberally construed in the past in the interests of justice are not applicable. One case provides for a liberal construction to effect a collection after strict compliance with the statutory requirements to establish the lien, (Gunther v. O'Brien Bros. Const. Co., 293 Ill App 28, 34, 35, 12 NE2d 23), and the other deals with an insubstantial variance between the pleadings and proofs at the trial. (United Cork Companies v. Volland, 365 Ill 564, 7 NE2d 301.)

Under the circumstances, the dismissal of the complaint by the trial court was clearly correct and will be affirmed.

Judgment affirmed.

DAVIS, P. J. and BURT, J., concur.