THEODORE HOLLEMBEAK, d/b/a Rushville Ready Mix, Plaintiff-Appellee, *v.* NATIONAL STARCH & CHEMICAL CORPORATION *et al.*, Defendants-Appellants.

Fourth District    No. 16540

Opinion filed April 16, 1981.

Larry D. Kuster, of Rammelkamp, Bradney, Hall & Dahman, of Jacksonville, for appellants.

Michael J. Hollahan, of Tucker & Hollahan, of Pittsfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal concerns the interpretation of section 25 of "An Act relating to contractors' and material men's liens, known as mechanics' liens" (Ill. Rev. Stat. 1979, ch. 82, par. 25) (Act). Plaintiff, as a subcontractor, supplied ready-mix concrete to the defendant's building project. After a bench trial, the trial court entered judgment for the plaintiff and against the defendants, who appeal.

The record reveals that the defendant, National Starch & Chemical Corporation (National), maintained a facility in Meredosia, Morgan County, for more than 10 years preceding this litigation. National is a

Delaware corporation, licensed to do business in Illinois, and its registered agent is Prentice-Hall Corporation, located in Cook County. The Meredosia facility employed about 160 persons, including a plant manager.

Sometime in 1975, National determined to make the improvement to its Meredosia plant and employed a Pennsylvania corporation to draw the plans and specifications. There was no architect as such on the job. The improvement was being financed by industrial revenue bonds and in order to comply with the law National quit-claimed the real estate to the village of Meredosia, which, in turn, leased it back to National. There was no superintendent on the job but the construction work was handled through Engineers, Inc., and its subsidiaries and subcontractors, all of whom were foreign corporations.

During 1976 plaintiff, under an oral contract with one of Engineers, Inc., subcontractors, delivered concrete to the building site. He thereafter had conversations with National's plant manager concerning payment.

The principal controversy between the parties centers about the 90-day subcontractor's notice required by the Act. Plaintiff's notice was given pursuant to section 25 of the Act (Ill. Rev. Stat. 1979, ch. 82, par. 25). Defendant maintains that plaintiff did not comply with section 25, and in any event, the notice was proper only under section 24 (Ill. Rev. Stat. 1979, ch. 82, par. 24). Section 24 provides, in substance, that a material man within 90 days after the final delivery of material serve his written notice of claim either (1) by registered mail, return receipt, delivery to addressee only, or (2) by personal service on "the owner of record or his agent or architect, or the superintendent having charge of the building or improvement." Section 25 of the Act reads as follows:

> "In all cases where the owner, agent, architect or superintendent cannot, upon reasonable diligence, be found in the county in which said improvement is made, or shall not reside therein, the subcontractor or person furnishing materials, fixtures, apparatus, machinery, labor or services may give notice by filing in the office of the recorder of deeds against the person making the contract and the owner a claim for lien verified by the affidavit of himself, agent or employee, which shall consist of a brief statement of his contract or demand, and the balance due after allowing all credits, and a sufficient correct description of the lot, lots or tract of land to identify the same. An itemized account shall not be necessary." Ill. Rev. Stat. 1979, ch. 82, par. 25.

Defendant filed motions to dismiss the complaint under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45). These alleged, in substance, that there was an agent present in Morgan County, *i.e.*, the plant manager, and therefore plaintiff was not entitled to proceed under

section 25 of the Act, but rather should have made personal service on the agent under section 24. Defendant then reasons the failure to comply with the statute is fatal to plaintiff's claim.

The trial court disagreed, holding that National was a nonresident and that the task of determining in fact whether an agent were present in the county was too heavy a burden to place on a subcontractor. The court then held that the giving of notice by recording under section 25 was sufficient compliance.

It was stipulated at trial that no architect nor superintendent was on the job. We are therefore concerned only with owner or agent in deciding which section of the Act applies to the instant case for purpose of notice.

We call attention at the outset to the disjunctive provisions of section 25: If the owner or agent cannot be found upon reasonable diligence, *or* is a nonresident of the county, then the recording procedure may be employed. Defendant argues that National was a resident of Morgan County since it could be sued there pursuant to the provisions of section 6 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 6). We disagree. The "residency" provisions of the venue provisions of the Civil Practice Act, and the notice provisions of the Mechanics' Lien Act serve quite different policies and purposes. They are not the same thing. Statutory venue provisions are procedural only (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88) and are designed to control the flow of litigation, especially in the case of multiple defendants. The notice provisions of the Act are part of the cause of action itself (*Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 224 N.E.2d 602) and have as one of their purposes the confinement of the extraordinary remedy of the mechanics' lien to the county in which the property is located.

National, being a Delaware corporation, with its local registered office in Cook County, was not a resident of Morgan County.

We then turn to a consideration of the status of National's agent. Defendant argues that the plant manager was an agent and in fact service of summons in this suit was made upon him pursuant to section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 13.3). Again, we disagree. As with the venue provisions discussed above, service of process has nothing to do with the existence of a cause of action. It simply brings the defendant within the personal jurisdiction of the court. "Agent," as used in section 25 of the Act is closely tied grammatically to "owner," "architect" and "superintendent." We note that the statute does not say "an owner"—it says "the owner"—and the definite article "the" must be read with all other classifications in the phrase.

It then follows that the agent must be one connected with the building or improvement. This, like the confinement to the county

described above, also serves the policies of the Act by confining the claim process to those who have direct knowledge of the transactions and are in a position to take prompt action in connection therewith.

The record discloses the deposition of the plant manager. It makes clear that he had no authority over the construction project.

■■ Therefore, since the owner was a nonresident and no agent in charge of construction was a resident of Morgan County, all of them being foreign corporations, plaintiff was authorized by the specific language of section 25 of the Act to proceed thereunder by recording his claim for lien.

■■ Defendant's last contention is that the trial court erred in allowing $305 in demurrage as part of the lien. There was testimony that it is customary in the trade to charge extra at the rate of $20 per hour if concrete is poured at a slower rate than 10 minutes per cubic yard. This is commonly known as demurrage. Defendant cites *Hoier v. Kaplan* (1924), 313 Ill. 448, 145 N.E. 243, for the proposition that only those things which are physically incorporated into the building are lienable. In *Hoier*, the court disallowed public liability insurance, workmen's compensation insurance, and labor and material used in warming the building during construction. More recent authority has held that all components going into the price of material are lienable. In *Verplank Concrete & Supply, Inc. v. Marsh* (1976), 40 Ill. App. 3d 742, 353 N.E.2d 27, truck rental for ready-mix concrete was held lienable. We follow *Verplank* and hold that under the circumstances here present demurrage was a lienable item.

The judgment of the circuit court of Morgan County is affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.