JOSEPH CARUSO, Plaintiff-Appellee, v. JOSEPH KAFKA, Indiv. and d/b/a Dekaf Construction, Inc., Defendant and Counterplaintiff-Appellant (D.E.S., Inc., *et al.*, Defendants; Suburban National Bank of Palatine, f/k/a Suburban National Bank of Woodfield, *et al.*, Counterdefendants-Appellees).

First District (1st Division)   No. 1—92—1020

Opinion filed March 31, 1994.—Rehearing denied August 9, 1994.—Modified opinion filed August 15, 1994.

Nealis & Frazel, of Chicago (Jerome V. Frazel, of counsel), for appellant.

Paul W. Casbarian, of Schaumburg, for appellee Joseph Caruso.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant-counterplaintiff, Joseph Kafka, individually and doing business as Dekaf Construction, Inc. (cumulatively, Dekaf), appeals from three orders of the circuit court of Cook County. The first order, entered November 14, 1991, granted plaintiff Joseph Caruso's (Caruso's) motion for judgment on the pleadings as to Dekaf's counterclaim to foreclose mechanic's lien. The second order, entered February 19, 1992, denied Dekaf's motion to vacate the judgment on the pleadings. The third order, entered March 18, 1992, granted motions to dismiss third-party complaints against counterdefendants Handels-en Productiemaatschappij-DeSchouw B.V., Inc. (Handels), and Suburban National Bank of Palatine, formerly known as Suburban National Bank of Woodfield (Bank). For the following reasons, we affirm the judgments of the trial court.

The record contains the following relevant facts. On May 3, 1991, Caruso filed a second amended complaint in six counts against Dekaf, a paving and excavating subcontractor, and others, seeking to quiet title to property known as Governor's Place Office Building in Hoffman Estates, Illinois, based on a mechanic's lien lodged against the property by Dekaf. Dekaf filed an answer and counterclaim to foreclose the mechanic's lien and for other relief. Dekaf alleged that paving and excavating work was completed on the property on September 28, 1990, and attached a copy of the contract for work and invoices.

Caruso then filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615(e)) as to count III of his complaint and count I of Dekaf's counterclaim. Caruso alleged that, pursuant to the Mechanics Lien Act (the Act) (Ill. Rev. Stat. 1991, ch. 82, par. 24), a subcontractor has 90 days after the date of completion of the subcontractor's work to file the appropriate claim of lien. Caruso alleged that Dekaf's mechanic's claim for lien was untimely filed on December 27, 1990, more than 90 days following Dekaf's completion of work on the property. Caruso alleged that the completion date of the work performed by Dekaf was September 12, 1990, as set forth by the contract between Dekaf and D.E.S., Inc. (D.E.S.), the contractor, which was attached to and made a part of Caruso's second amended complaint as well as Dekaf's counterclaim; that the date of defendant's final invoice for work completed under the contract was September 12, 1990; and that pursuant to paragraph 4(a) of Dekaf's contract:

"(a) In all cases, the construction work shall be considered accepted by Buyer ten (10) days after completion of said work unless Buyer notifies Paver in the contrary in writing before such time. PAVERS [sic] FINAL INVOICE SHALL CONSTITUTE NOTICE OF COMPLETION."

Caruso further alleged that Dekaf's subsequent invoices dated October 12 and October 15, 1990, contained only service charges pursuant to paragraph 4(b) of the contract, which provides:

"(b) A service charge of $1^1/2$% of the balance due will be added each month if payment in full is not made within thirty (30) days after invoicing for work installed."

On November 14, 1991, following the arguments of the parties, the trial court, Judge Francis W. Glowacki, granted Caruso's motion for judgment on the pleadings, finding that Dekaf clearly indicated in "very bold type" that the final invoice shall constitute the notice of completion, and that the language is also construed against the drafter of the instrument.

On February 19, 1992, following a hearing, Judge Glowacki denied Dekaf's motion to vacate judgment on the pleadings, finding no just reason to delay enforcement or appeal of the order.

On March 19, 1992, the trial court, Judge Arthur L. Janura, granted counterdefendants Handels' and Bank's motions to dismiss Dekaf's third-party complaints against them.

Dekaf's timely appeal of the trial court's orders followed.

Initially, Dekaf contends that the trial court erred in granting Caruso's motion for judgment on the pleadings as to Dekaf's counterclaim to foreclose mechanic's lien. Dekaf argues that its lien was timely filed, pursuant to the Act, within 90 days of the last day Dekaf worked on the property, which Dekaf claims was September 28, 1990.

On motion for judgment on the pleadings, the trial court must examine all pleadings on file, taking as true the well-pleaded facts and reasonable inferences to be drawn therefrom, set forth in the opposing party's pleadings. (*Harris Trust & Savings Bank v. Donovan* (1991), 145 Ill. 2d 166, 582 N.E.2d 120.) While a motion for judgment on the pleadings admits well-pleaded facts, it does not admit mere conclusions unsupported by allegations of specific facts. *Heller v. Goss* (1980), 80 Ill. App. 3d 716, 400 N.E.2d 70.

●1 Section 24 of the Act provides in pertinent part as follows:

"Sub-contractors *** may at any time after making his or her contract with the contractor, and shall within 90 days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within 90 days after the date of completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his or her claim and the amount due ***." (Ill. Rev. Stat. 1991, ch. 82, par. 24.)

A party seeking to foreclose a mechanic's lien is required to allege facts showing that he has performed all steps prescribed by statute in order to perfect the lien he seeks to enforce; service of the 90-day notice pursuant to section 24 is one of those steps and is a condition precedent to the cause of action. (*Gary L. Brown Painting & Decorating, Ltd. v. David E. Comeau, Ltd.* (1987), 159 Ill. App. 3d 746, 749, 512 N.E.2d 795, citing *Hill Behan Lumber Co. v. Irving Federal Savings & Loan Association* (1984), 121 Ill. App. 3d 511, 518, 459 N.E.2d 1066.) Service of notice under section 24 has been described as a precedent to the creation of a lien under the Act. *Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 140, 224 N.E.2d 602.

●2 In the present case, the record reveals that on August 17, 1990, Dekaf sent D.E.S. a bill for $20,382.71, invoice number 908708-1. On September 12, 1990, Dekaf sent D.E.S. invoice number 901209-4,

for $44,473.73. A subsequent invoice Dekaf sent to D.E.S., dated October 12, 1990, lists no new services or materials provided, but merely demands payment of the previous two invoices for work completed and adds a service charge of $305.74: "As per contract dated 7/11/90, service charge of $1\frac{1}{2}$ % invoice # 901708-1." Similarly, an invoice from Dekaf to D.E.S., dated October 15, 1990, lists the total of the previous amounts owed from the August and September invoices as $64,856.44; lists the October 12 service charge of $305.74; and adds an additional service charge of $972.85 described as: "Service charge for the month of October on remaining balance of contract ($1\frac{1}{2}$ % of $64,856.44)."

There is nothing in the record supporting Dekaf's statement in his pleading that "work was completed on September 28, 1990." Interest charges for work completed cannot constitute new services or materials provided which would serve to extend the period for serving timely notice of lien. (*J.E. Milligan Steel Erectors, Inc. v. Garbe Iron Works, Inc.* (1985), 139 Ill. App. 3d 303, 486 N.E.2d 945.) Thus, this court need not consider Dekaf's unsupported conclusion as a well-pleaded fact. We therefore find that Dekaf's claim was untimely filed.

Dekaf alternatively contends that his "standard form" proposal and invoices fail to establish a completion date for purposes of determining the timeliness of filing of the mechanic's lien claim. Dekaf argues that paragraph 4(a) "simply establishes an ascertainable cut-off date," not a completion date.

As stated above, paragraph 4(a) of Dekaf's contract provides in pertinent part: "PAVERS [*sic*] FINAL INVOICE SHALL CONSTITUTE NOTICE OF COMPLETION." A court must construe the meaning of a contract by looking at words used and cannot interpret a contract in a way which is contrary to the plain and obvious meaning of those words. (*USG Interiors, Inc. v. Commercial & Architectural Products, Inc.* (1993), 241 Ill. App. 3d 944, 609 N.E.2d 811.) Ambiguous contractual language is generally construed against the drafter of the language. *Duldulao v. St. Mary of Nazareth Hospital Center* (1987), 115 Ill. 2d 482, 505 N.E.2d 314.

It is clear from the face of the contract that Dekaf's final invoice establishes a completion date for the project. The record shows that the last invoice for work and materials was dated September 12, 1990. The subsequent invoices merely represented interest charges on unpaid previous invoices.

●3 Next, Dekaf contends that in granting Caruso's motion for judgment on the pleadings the trial court erred in making evidentiary findings. We find no merit in Dekaf's contention. It is clear

from the transcript of the proceedings that the trial court properly considered the facts set forth on the face of the pleadings, noting that it "must be bound by the pleadings" in making its determination.

•4 Finally, Dekaf contends that the trial court erred in dismissing its complaints against Handels and Bank. Dekaf cites no authority in support of its contention; therefore, this court need not address this issue. (*In re Marriage of Olbrecht* (1992), 232 Ill. App. 3d 358.) Nevertheless, because we find that the lien was untimely filed as to Caruso, we further find the lien untimely filed as to Handels and Bank. Thus, Dekaf's complaints were properly dismissed.

For all of the above reasons, we affirm the judgments of the trial court.

Affirmed as modified.

BUCKLEY and MANNING, JJ., concur.