ROTHERS CONSTRUCTION, INC., Plaintiff-Appellant, v. CENTURION INDUSTRIES, INC., d/b/a A-Lert Construction Services, *et al.*, Defendants-Appellees.

Fourth District    No. 4—02—0347

Argued October 16, 2002.—Opinion filed March 20, 2003.

McCULLOUGH, J., dissenting.

John W. Foltz (argued), of Glasgow & Foltz, P.C., of Monticello, for appellant.

Edward Q. Costa and Bridget C. Hogan (argued), both of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, Rothers Construction, Inc., a subcontractor, brought an action in the circuit court of Piatt County to foreclose a mechanics lien against defendants, O'Malley Grain, Inc., the owner of a construction project, and Centurion Industries, Inc., d/b/a A-Lert Construction Services (A-Lert), the general contractor. Defendants filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(9) (West 2000)). The trial court found plaintiff failed to perfect its mechanics lien pursuant to section 24 of the Mechanics Lien Act (Act) (770 ILCS 60/24 (West 2000)). Plaintiff appeals, contending (1) the trial court erred in dismissing its mechanics lien foreclosure complaint on the grounds it was not properly perfected under section 24 of the Act and (2) the trial court erred when it failed to find defendants were equitably estopped from asserting the failure to perfect the lien under section 24 of the Act. We affirm.

## I. STATUTES AT ISSUE

■ The Act provides for different ways to perfect a mechanics lien depending on the circumstances. Section 24 of the Act provides in pertinent part:

"[A] [s]ub[ ]contractor[ ] *** may at any time after making his or her contract with the contractor, and shall within 90 days after the completion thereof, or, if extra or additional work or material is delivered thereafter, within 90 days after the date of completion of such extra or additional work or final delivery of such extra or additional material, cause a written notice of his or her claim and the amount due *** to be sent by registered or certified mail, with return receipt requested *** or personally served on the owner of record or his agent ***." 770 ILCS 60/24 (West 2000).

Section 25 of the Act provides in pertinent part:

"In all cases where the owner, agent, architect[,] or superintendent cannot, upon reasonable diligence, be found in the county in which said improvement is made, or shall not reside therein, the sub[ ]contractor *** may give notice by filing in the office of the recorder against the person making the contract and the owner a claim for lien ***." 770 ILCS 60/25 (West 2000).

## II. BACKGROUND

A-Lert entered into a contract with defendant O'Malley Grain, Inc., to build grain bins and material handling systems on its property in Piatt County and then, on December 31, 1999, subcontracted some of the work on the project to plaintiff, Rothers Construction, Inc., a corporation headquartered in Minnesota. On June 8, 2000, plaintiff

completed construction services at O'Malley Grain's plant in Piatt County. On September 5, 2000, plaintiff recorded a mechanics lien on O'Malley Grain's property in Piatt County in the amount of $97,182.50.

On April 20, 2001, plaintiff filed a complaint against both defendants. Attached to the complaint as exhibit A was a copy of the recorded mechanics lien. Attached to the complaint as exhibit B was a notice of mechanics lien claim, addressed to O'Malley Grain, dated April 12, 2001.

On September 25, 2001, plaintiff filed its amended complaint. Attached to this complaint was only an exhibit A, the recorded mechanics lien. On October 15, 2001, both defendants filed a joint motion to dismiss the amended complaint pursuant to section 2—619(a)(9) of the Code. In the portion of the motion addressing count I of the amended complaint, O'Malley Grain contends, among other things, plaintiff failed to allege it filed a notice of mechanics lien pursuant to section 24 of the Act (770 ILCS 60/24 (West 2000)) and its lien was not perfected.

On November 19, 2001, plaintiff filed a written response to the motion to dismiss and contended that section 25 of the Act applied, not section 24, and that it complied with section 25. In support of this contention, plaintiff provided an exhibit to its response showing O'Malley Grain's registered agent to be located in Cook County.

Alternatively, plaintiff contended if compliance with section 24 of the Act was necessary for perfecting a mechanics lien in this case, O'Malley Grain was equitably estopped from arguing section 25 was improper because the mechanics lien claim was drafted by the attorney for O'Malley Grain, with instructions on how to file it with the recorder. This contention was supported by the affidavit of James A. Rothers, plaintiff's vice-president, who stated plaintiff was referred to this particular attorney by the president of O'Malley Grain, Robert P. O'Malley.

On November 21, 2001, the trial court heard arguments on defendants' motion to dismiss count I. The trial court found plaintiff did not meet all of the requirements of equitable estoppel but denied defendants' motion to dismiss as to count I on the grounds that O'Malley Grain was a resident of Cook County for purposes of the Act based on the case cited by plaintiff, *Hollembeak v. National Starch & Chemical Corp.*, 95 Ill. App. 3d 309, 420 N.E.2d 172 (1981), and, therefore, perfection of the mechanics lien was proper under section 25.

On December 20, 2001, O'Malley Grain filed a motion to reconsider the trial court's ruling. Attached to the motion was the affidavit of

Robert P. O'Malley, chief executive officer of O'Malley Grain, Inc. In his affidavit, O'Malley stated he was a resident of Piatt County, was the agent in charge of the construction project at issue in Piatt County, and was present at the construction site three to four times per week during construction.

Plaintiff filed a motion to strike O'Malley's affidavit on January 17, 2002, and filed a response to the motion to reconsider on January 29, 2002. The response did not mention the equitable estoppel arguments it had made in response to the original motion to dismiss. O'Malley Grain filed a response to the motion to strike its affidavit on January 29, 2002.

On January 30, 2002, the trial court heard arguments on plaintiff's motion to strike and O'Malley Grain's motion to reconsider. The trial court allowed O'Malley Grain to file O'Malley's affidavit. During argument, plaintiff raised the equitable estoppel argument and O'Malley Grain asked the court to consider it as untimely raised since more than 30 days had passed since the trial court found the argument unpersuasive at the original motion to dismiss hearing.

The trial court found section 24 notice was not served on O'Malley Grain but plaintiff did file a section 25 notice. The trial court noted O'Malley stated in his affidavit he was the agent in charge of the grain-handling-system construction project and had complete authority over the project. He further stated he visited the jobsite at least three or four times per week during most of the construction project and when he did so, he would inspect the facility and discuss the project with the contractors and subcontractors working at the jobsite. He was available to speak with the representatives of the general contractor and the subcontractors, including plaintiff, on a frequent basis during the construction project. The trial court found O'Malley was the agent of O'Malley Grain and, thus, section 24 notice should have been served on O'Malley. The trial court did not rule on the equitable estoppel issue.

On February 28, 2002, plaintiff filed a motion for reconsideration of the trial court's ruling of January 30, 2002, and for other relief. Plaintiff specifically asked the trial court to reconsider its "January 30, 2002," ruling that equitable estoppel did not apply in this case. Plaintiff also asked for a finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) in order to appeal should the trial court not reconsider its prior rulings. On March 25, 2002, O'Malley Grain filed a response to plaintiff's motion to reconsider and objected to plaintiff raising the equitable estoppel argument, contending it was untimely raised.

The trial court heard arguments on plaintiff's motion to reconsider

on March 27, 2002. O'Malley Grain argued plaintiff's request for reconsideration of the November 21, 2001, equitable estoppel denial was not timely made. Plaintiff argued the estoppel argument was timely made because it did not become "germane" until the trial court ruled the mechanics lien, which the trial court had originally ruled was properly perfected under section 25, was not properly perfected. The trial court denied plaintiff's motion to reconsider and allowed its ruling of January 30, 2002, to stand. As to the equitable estoppel argument, the trial court stated as follows:

> "As far as equitable estoppel, that issue has been raised, has been argued. The [c]ourt is concerned that the plaintiff has a right to retain its own attorney. Could he adequately and properly rely on O'Malley's counsel? These are now adverse parties, not necessarily at the time that O'Malley's counsel was used by [plaintiff]."

The trial court made a finding there was no just reason for delaying appeal under Rule 304(a) (155 Ill. 2d R. 304(a)) and this appeal followed.

## III. ANALYSIS

### A. Did the Trial Court Err in Dismissing Plaintiff's Mechanics Lien Foreclosure Complaint Because the Lien Was Not Properly Perfected Under Section 24 of the Act (770 ILCS 60/24 (West 2000))?

O'Malley Grain moved to dismiss count I of plaintiff's complaint under section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 2000)) on the grounds the claim for lien was not properly perfected. O'Malley Grain argues perfection of a mechanics lien in this case was only appropriate under the provisions of section 24 of the Act (770 ILCS 60/24 (West 2000)), and plaintiff argues perfection of its mechanics lien claim was appropriate under section 25 of the Act (770 ILCS 60/25 (West 2000)).

■ The standard of review for the granting of a defendant's section 2—619(a)(9) motion to dismiss is *de novo*. *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 386, 712 N.E.2d 298, 301 (1998).

■ Section 2—619(a)(9) of the Code permits dismissal where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2000). When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. *Henrich*, 186 Ill. 2d at 386, 712 N.E.2d at 301.

■ Statutes creating mechanics liens are in derogation of common

law and must be strictly construed. *Suddarth v. Rosen*, 81 Ill. App. 2d 136, 139, 224 N.E.2d 602, 603 (1967).

> "Mechanic's lien statutes afford extraordinary remedies to certain classes of contractors and subcontractors and it is not unreasonable to expect them to conform to the requirements of the law that creates those remedies. Obviously, without a mechanic's lien statute, the plaintiff would have no redress against the owners of the property or their lending institution. The General Assembly has seen fit to grant to a subcontractor, such as the plaintiff, a potent device to secure payment of his improvement of real property by its provision that a lien can be placed against the property so improved. However, the legislature has required that the subcontractor adhere to certain technical procedures to effectuate his lien and his failure to do so means simply that he has not availed himself of the remedy extended and that he has no lien." *Suddarth*, 81 Ill. App. 2d at 139-40, 224 N.E.2d at 603.

Section 24 of the Act provides a subcontractor shall, within 90 days after completion of work, cause a written notice of claim to be sent by registered or certified mail to or served personally upon "the owner of record or his agent or architect, or the superintendent having charge of the building or improvement." 770 ILCS 60/24 (West 2000).

Section 25 of the Act provides where the owner, agent, architect, or superintendent either cannot be found in or does not reside in the county where the work is done, the subcontractor may give notice by filing a claim for lien in the county recorder's office against the real property upon which the work was completed. 770 ILCS 60/25 (West 2000).

Plaintiff argues the interpretation of section 25 found in *Hollembeak* supports its argument service was appropriate under section 25. In *Hollembeak*, the owner of a factory in Morgan County (National) was a Delaware corporation licensed to do business in Illinois with its registered agent located in Cook County. It had a plant manager who worked at the site in Morgan County. *Hollembeak*, 95 Ill. App. 3d at 309-10, 420 N.E.2d at 173. When National decided to make improvements to its plant, it employed a Pennsylvania corporation to draw the plans. There was no architect on the job. There was no superintendent on the job either, and construction work was handled by a foreign corporation and its subsidiaries and subcontractors, who were also foreign corporations. *Hollembeak*, 95 Ill. App. 3d at 310, 420 N.E.2d at 173. Hollembeak entered into an oral contract with one of the subcontractors to deliver concrete which, when it was not paid, later filed notice of its mechanics lien under section 25. *Hollembeak*, 95 Ill. App. 3d at 310, 420 N.E.2d at 173.

The *Hollembeak* court found section 25 begins with a disjunctive provision: "If the owner or agent cannot be found upon reasonable diligence, *or* is a nonresident of the county, then the recording procedure may be employed." (Emphasis in original.) *Hollembeak*, 95 Ill. App. 3d at 311, 420 N.E.2d at 174. The court then noted the "residency" provisions of the venue provisions of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 6) are different from the notice provisions of the Act whose purpose is to confine the extraordinary remedy of the mechanics lien to the county in which the property is located. Accordingly, the court found a Delaware corporation with its local registered office in Cook County was not a resident of Morgan County for purposes of the Act. *Hollembeak*, 95 Ill. App. 3d at 311, 420 N.E.2d at 174.

The plant manager was also found not to be the "agent" referred to in section 25 for service of the notice of mechanics lien because he, along with the owner, architect, or superintendent, must be connected to the building project. This requirement serves to confine the claim process to those who have direct knowledge of the transactions. As the plant manager had no authority over the construction project, he was not the proper person to be served with a mechanics lien. *Hollembeak*, 95 Ill. App. 3d at 312, 420 N.E.2d at 174. Therefore, since the owner was a nonresident *and* no agent in charge of construction was a resident of Morgan County, all being foreign corporations, proceeding under section 25 was proper. *Hollembeak*, 95 Ill. App. 3d at 312, 420 N.E.2d at 174.

Plaintiff argues *Hollembeak* stands for the proposition section 25 applies when any *one* of the owner, agent, architect, or superintendent does not reside in the county where the work is located *or* if any *one* of them cannot be found there. This is a misreading of what *Hollembeak* says about section 25. Under plaintiff's theory, if the owner, agent, and superintendent all resided in the county where the work is located, but the architect lived in an adjacent county, then the claimant would be justified in using section 25. Section 25 does not state if any *one* of the named entities cannot be found or does not reside in the county where the work is located mechanics liens may be perfected by recording. Rather, if any one of the entities *can* be found in the county, personal service under section 24 must be used. Sections 24 and 25 do not make sense together otherwise.

■ Notice to the owner as required by statute is the basis on which a mechanics lien is predicated and is necessary to creation of the lien. The owner's actual notice of the claim from some source other than those listed in section 24 does not create a lien. *Suddarth*, 81 Ill. App. 2d at 140, 224 N.E.2d at 604. Service of the 90-day notice pursuant to

section 24 is a condition precedent to the cause of action, the creation of the lien. *Caruso v. Kafka*, 265 Ill. App. 3d 310, 313, 638 N.E.2d 663, 665 (1994). No lien attaches when the owner does not receive timely written notice. *Season Comfort Corp. v. Ben A. Borenstein Co.*, 281 Ill. App. 3d 648, 654-55, 655 N.E.2d 1065, 1070 (1995).

■ Reading sections 24 and 25 together, we find section 24 provides for the notice that is required to perfect a claim for mechanics lien. Since the owner is the person who is entitled to notice under the Act, the others listed in section 24, the owner's agent or architect or the superintendent of the construction project, are surrogates for the owner. Only where none of the entities designated for service of notice of the claim for mechanics lien in person or by registered mail in section 24 are residents of the county where the construction is located, or upon reasonable diligence cannot be found therein, is resort to section 25 perfection of the lien by filing a notice of the claim with the recorder of deeds appropriate. Section 25's enumeration of the entities set forth in section 24 should be read as a group and not individually. Therefore, if the group as a whole is not resident in the county or cannot be reasonably found therein, section 25 perfection applies.

■ Here, O'Malley Grain had a representative at the jobsite, Robert P. O'Malley, a resident of Piatt County, who visited the site three to four times per week during construction and was in charge of overseeing the project for the owner. Thus, he was available for service of notice under section 24 upon reasonable diligence on the part of plaintiff. As the agent of O'Malley Grain, the owner, O'Malley would then be responsible for notifying O'Malley Grain that plaintiff had not yet been paid for its work by A-Lert and O'Malley Grain should not settle with A-Lert until all the subcontractors' claims had been addressed. Section 24 notice was required in this case, and the trial court did not err in dismissing plaintiff's mechanics lien foreclosure complaint as not properly perfected.

The better practice to avoid the issues raised in this case would be to use both sections 24 and 25. Section 25 notice of a mechanics lien claim is not the most expeditious method a supplier or subcontractor could use for getting paid since most owners of property do not check with the recorder of deeds on a daily basis and it might be awhile before the owner actually realizes a notice of claim has been made and payment is still due. Using section 24 notice would cause an owner to have prompt notice its property was about to be encumbered by a lien and could not then be easily sold, forcing it to take action to help the subcontractor settle its claim.

## B. Did the Trial Court Err When It Failed To Find Equitable Estoppel Barred Defendant From Asserting the Failure To Perfect the Lien Under Section 24 (770 ILCS 60/24 (West 2000))?

Alternatively, plaintiff alleges O'Malley Grain is estopped from raising the notice requirement of section 24 of the Act because plaintiff requested, and O'Malley Grain's attorney provided, a form and instructions to plaintiff on how to file a claim for mechanics lien in Illinois. In support of its allegation, plaintiff filed an affidavit from its vice president, James A. Rothers. In his affidavit, Rothers avers plaintiff completed its work on the construction project in early June 2000 and rendered a final bill to A-Lert but was not paid. In late August 2000, Rothers had a conversation with Robert P. O'Malley, president and part owner of O'Malley Grain. In that conversation, Rothers told O'Malley plaintiff had yet to be paid by A-Lert. O'Malley advised Rothers he needed to file a mechanics lien against A-Lert. When Rothers told O'Malley he did not know how to file such a lien in Illinois, O'Malley suggested he contact Bruce Gammage, an attorney who represented both himself and O'Malley Grain.

Rothers then contacted Gammage concerning the mechanics lien question with regard to the unpaid bill with A-Lert. On September 1, 2000, Gammage faxed to Rothers at plaintiff's offices a form for a mechanics lien claim, partially filled out and addressed to O'Malley Grain, with a legal description of its property and the amount claimed by plaintiff. Included with the claim form were these hand-written instructions:

> "Here are Illinois lien claim forms. You must have on file before 90 days from the last day work was done. You will need to send money order payable to the Piatt County Recorder, Courthouse, Monticello, Illinois[,] 61856—you should overnight mail to make sure it is recorded *before* the ninety days is up. You will need to complete what work you did, whether oral or written contract, and when you were done and have it signed by company president and attested by company secretary with seal affixed. (I have included the $12,000 for the crane.) Recording fee is $18. You need to put what State you are incorporated in." (Emphasis in original.)

Rothers, relying on the guidance and instructions of Gammage, completed the documents he provided, executed, notarized, and recorded them with the Piatt County recorder of deeds. Rothers further averred if the instructions given him by Gammage were erroneous, he had no knowledge of same.

A few weeks later, Gammage advised Rothers that, because he represented O'Malley and O'Malley Grain, he would have a conflict of interest in representing plaintiff in this matter and suggested several

other attorneys. Prior to this referral by Gammage, plaintiff was not represented by counsel. Gammage did not bill Rothers or plaintiff for any services rendered.

The affidavit of Rothers was filed on November 19, 2001, as an exhibit to plaintiff's response to O'Malley Grain's motion to dismiss. O'Malley Grain filed no affidavits at the time of the hearing on its motion to dismiss; and later, when it did file O'Malley's affidavit in connection with its motion to reconsider on December 20, 2001, O'Malley did not deny his referral of Rothers to Gammage.

Plaintiff argues should this court find its mechanics lien was not properly perfected under section 25 of the Act (770 ILCS 60/25 (West 2000)), then O'Malley Grain should be equitably estopped from asserting the failure of proper perfection because its attorney, at its suggestion, drafted the lien claim for plaintiff and instructed plaintiff in how to perfect the claim. It is this specific method of perfecting the claim that O'Malley Grain now asserts is deficient.

O'Malley Grain argues the equitable estoppel issue was not preserved for appeal because a motion to reconsider must be filed within 30 days of entry of the final judgment. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 538, 470 N.E.2d 290, 291 (1984). O'Malley Grain contends since no written order was required, the order denying plaintiff's equitable estoppel defense was entered orally by the trial court at the hearing on the motion to dismiss held November 21, 2001. Plaintiff had 30 days from that date to file a motion to reconsider the court's ruling on its equitable estoppel claim and did not do so. Plaintiff did not raise the equitable estoppel argument until it filed its motion for reconsideration of the trial court's ruling of January 30, 2002, granting the motion to dismiss. This was not filed until February 28, 2002. Therefore, the issue was not preserved for appellate review.

After plaintiff raised the issue of equitable estoppel in its motion to reconsider the trial court's grant of O'Malley Grain's motion to dismiss, the issue was argued and the court mentioned the argument in its oral ruling on March 27, 2002, when it denied plaintiff's motion to reconsider. The court then made its written order and included the finding under Supreme Court Rule 304(a) allowing plaintiff to proceed with its appeal on April 22, 2002.

Plaintiff won its argument at the initial hearing on November 21, 2001, that it could proceed under section 25, although it also raised the alternative argument of equitable estoppel for which the trial court had found plaintiff had not met all of the requirements. Therefore, there was no reason for it, as the winning party, to request the trial court reconsider the alternative grounds for defeating the

motion it had already won. Only after O'Malley Grain filed its motion to reconsider on December 20, 2001, did the issue of equitable estoppel become, in plaintiff's words, "germane." The argument was raised by plaintiff at the hearing on the motion to reconsider on January 30, 2002, but was not mentioned by the trial court in its ruling.

■ Plaintiff then raised the equitable estoppel argument in its motion to reconsider filed on February 28, 2002, and argued it to the court on March 27, 2002. Bringing the issue to the trial court's attention is the purpose of a motion to reconsider (see *Korogluyan v. Chicago Title & Trust Co.*, 213 Ill. App. 3d 622, 627, 572 N.E.2d 1154, 1158 (1991)), and plaintiff fulfilled this purpose at all hearings. Thus, we elect to address the merits of plaintiff's contention O'Malley Grain is equitably estopped from asserting plaintiff failed to perfect its mechanics lien under section 24.

■ The general rule of equitable estoppel is that where a person, by his or her statements and conduct, leads a party to do something the party would not have done but for such statements and conduct, that person will not be allowed to deny his or her words or acts to the damage of the party. *Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313, 751 N.E.2d 1150, 1157 (2001). The court in *Geddes* goes on to define equitable estoppel as follows:

> "the effect of the person's conduct whereby the person is barred from asserting rights that might otherwise have existed against the other party who, in good faith, relied upon such conduct and has been thereby led to change his or her position for the worse." *Geddes*, 196 Ill. 2d at 313, 751 N.E.2d at 1157.

■ To establish equitable estoppel, the party claiming estoppel must demonstrate that (1) the other person misrepresented or concealed material facts, (2) the other person knew at the time he or she made the representations that they were untrue, (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon, (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations, (5) the party claiming estoppel reasonably relied upon the representations on good faith to his or her detriment, and (6) the party claiming estoppel would be prejudiced by his or her reliance on the misrepresentations if the other person is permitted to deny the truth thereof. *Geddes*, 196 Ill. 2d at 313-14, 751 N.E.2d at 1157. A party seeking to claim estoppel has the burden of proving it by clear and unequivocal evidence. *Geddes*, 196 Ill. 2d at 314, 751 N.E.2d at 1157.

■ In this case, the person taking the actions and making representations to plaintiff was Gammage and not O'Malley Grain,

but an attorney's errors and misconduct are attributable to his clients on a theory of agency and the clients, being the principals, are bound by the deeds of their agent. *Horwitz v. Holabird & Root*, 312 Ill. App. 3d 192, 195, 726 N.E.2d 632, 635 (2000).

However, even if Gammage was the agent of O'Malley Grain under the circumstances present here, which is doubtful, plaintiff did not provide enough evidence of equitable estoppel to make out an affirmative defense. Plaintiff did not claim or demonstrate Gammage knew his representations about how to perfect plaintiff's mechanics lien were untrue. Further, it was not reasonable for plaintiff to rely on Gammage's advice once he forwarded the form to plaintiff. That form identified O'Malley Grain as the entity against whom the lien was to be sought and yet plaintiff asserts it believed Gammage was O'Malley Grain's attorney. The trial court did not err in failing to find O'Malley Grain was equitably estopped from asserting plaintiff's failure to perfect its mechanics lien under section 24 of the Act (770 ILCS 60/24 (West 2000)).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE McCULLOUGH, dissenting:

I respectfully dissent. Section 25 of the Act should be applied.

At the time notice was given, plaintiff knew O'Malley Grain was a corporation and that its registered agent was located in Cook County, Illinois. In late August 2000, O'Malley was made aware that plaintiff had not been paid. O'Malley, himself, advised plaintiff he needed to file a mechanics lien notice. Nothing in the record indicates O'Malley Grain or its chief executive officer, Robert P. O'Malley, notified or told plaintiff he was the person in charge of the construction project. The first notice to plaintiff was the motion of December 20, 2001, with the attached affidavit showing Robert P. O'Malley to be the agent. This court should not give credence to the self-serving, after-the-fact, affidavit.

I also disagree with the majority's discussion as to the import of a recorded notice. The purpose of the recording is, as it states, giving notice of record.

I conclude that section 25 does apply to the facts presented. The provisions of section 25 were followed, and plaintiff properly followed

its dictates. To give credence to the affidavit in support of the motion to dismiss encourages abuse in defending mechanics lien actions.

The trial court's grant of defendants' motion to dismiss should be reversed.